## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 13 |
| | ) | CASE NO. 17-16811 |
| Vincent J. Woolfolk | ) | |
| | ) | JUDGE Price Smith |
| | ) | |
| Debtor | ) | **MOTION TO APPROVE SALE** |
| | ) | **OF REAL ESTATE** |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Now comes Debtor, Vincent J. Woolfolk, by and through attorney, Melissa L. Resar, and

respectfully request that this court grant this Motion to Approve Sale of Real Estate.

The property subject to the sale is located at 6824 Edna Ave., Cleveland, Ohio 44103, (PPN:

105-23-098). Per the public record, at the time of the filing of the present case, Mr. Woolfolk

had legal ownership of the property. The only lien listed against this property is for the property

taxes owed. The property is not Mr. Woolfolk's residence, but a rental property that he has not

been able to repair or rent out (*See* Letter from Debtor, attached hereto as Exhibit A).

Mr. Woolfolk has been offered $5,500.00 in an arm's length deal with a bona fide

purchaser (*See* Proposed Purchase Agreement and Escrow Instructions, attached hereto as

Exhibit B). Debtor intends to schedule the closing as soon as possible after this sale is approved

by the Court. The following reductions from the gross sale amount are anticipated to be made:

1. $120.00 in delinquent rental registration fees,

2. $831.16 Cleveland Water Department delinquency,

3. $554.21 Northeast Ohio Regional Sewer District delinquency,

4. $162.65 for any delinquent taxes net of $3,200.00 assumption,

5. $160.62 tax foreclosure court costs,

6. $475.00 tax foreclosure title fees, and

7. $1,150.00 legal fees to Patronite Law.

This yields a net amount payable to Debtor of $2,046.36 (Attached as Exhibit C is the Preliminary ALTA Combined Settlement Statement). The remaining balance of $2,046.36 is needed to repair the garage, porch, roof, and door of Debtor's residence (*See* Exhibit A).

Per the county's records at the time of filing and the petition filed in bankruptcy court, the fair market value of the subject property was $25,100.00 and has increased to $40,400.00 since then. (Attached as Exhibit A is Mr. Woolfolk's explanation for why he is willing to accept less than county-appraised fair market value for the property).

Respectfully Submitted,

/s/ Melissa L. Resar
Melissa L. Resar (0071963)
Rauser & Associates
614 W. Superior Avenue, STE 950
Cleveland, Ohio 44113
(216) 263-6200
(216) 263-6202 Facsimile
mresar@ohiolegalclinic.com

## CERTIFICATE OF SERVICE

I certify that on October 9, 2019, a true and correct copy of the motion was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List.

**Debtor's Attorney:**
Melissa L. Resar, on behalf of Debtor at mresar@ohiolegalclinic.com

**Chapter 13 Trustee**
Lauren A. Helbling, on behalf of the Chapter 13 Trustee at ch13trustee@ch13cleve.com

And by regular U.S. mail, postage prepaid on:

**Debtor:**
Vincent Woolfolk, at 1402 Clearaire Rd., Cleveland, OH 44110

**Settlement Agent:**
Fairmount Title Agency, LLC, 12434 Cedar Rd., Ste. 11, Cleveland, OH 44118

**Buyer's Agent**:
Sadie Pearl Sabir, 931 Monroe Dr. NE, Suite A-102-409, Atlanta, GA 30308

**Seller's Agent:**
Gerald J. Patronite, Esq., Patronite Law, 2779 SOM Center Rd., Willoughby Hills, OH 44094

/s/ Melissa L. Resar
Melissa L. Resar (0071963)
Rauser & Associates
Attorney for Debtor
614 W. Superior Avenue, STE 950
Cleveland, Ohio 44113
(216) 263-6200
(216) 263-6202 Facsimile
mresar@ohiolegalclinic.com

ASK
(A) QUESTION OF ME
CANNOT AFFORD TO FIX UP
CAN NOT RENT OUT

(B) THERE IS NO CONNECTION
BETWEEN ME AND PROPOSED
BUYER

(C) NET PROCEEDS TO BE USED
TO REPAIRS GARAGE, PORCH
ROOF. DOOR, EX ON
1402 CLEARAIRS Rd WERE
I LIVE.

(D) 1402 CLEARAIRE Rd AS LISTED
IN RECORD

DORIS WOOLFOLK AND I
WERE NOT MARRIED AT TIME
I PURCHAS 6824 EDNA

Exhibit A

So As to why she
sign away her Bowery

Vincent Woolfoy

# PURCHASE AGREEMENT AND ESCROW INSTRUCTION

PROPERTY: (1) The undersigned, **VINCENT WOOLFOLK**, ~~not married~~, "Seller," hereby offers and agrees to sell to **NUBIAN CONSTRUCTION MANAGEMENT, INC.** "Purchaser", the following real property known as **6824 EDNA, CLEVELAND, OHIO (44103)**, which includes:

"Two houses" together with all the land, all appurtenant rights, privileges and easements appurtenant thereto, including the fixtures in their present condition, including without limitation, any of the following which may now be on the property: all electrical, heating, cooling, plumbing and bathroom fixtures, all window and door shades, outdoor antennae, blinds, screens, windows, sashes, all wall-to-wall carpeting, all garage door openers, if any ("Premises").

Personal property items ("chattels" and appliances) which shall stay with the Premises as part of the purchase price are as follows: Whatever is there at title transfer; as is. Any appliances shall be in TOTAL AS IS CONDITION at time of transfer of possession or an allowance shall be made based upon used replacement value if any appliance becomes non-repairable prior to transfer of possession.

PURCHASE PRICE and TITLE TRANSFER:

(2) Purchaser agrees to pay to Seller the sum of FIVE THOUSAND FIVE HUNDRED DOLLARS ($5,500.00) NET TO SELLER, which represents the sale price for the Premises (and any included chattels and fixtures), which shall be paid as follows:

(a)  Earnest Money deposit to be given to Seller and **made payable
to the "Escrow Agent," Fairmount Agency**, for deposit
into escrow:..................................................................**$850.00**

(Earnest Money is due upon Seller's acceptance of this Agreement.)

(b)  Additional cash down payment (to be paid in addition to all
miscellaneous "Closing Costs") to be deposited into Escrow not
later than three (3) banking days prior to title transfer:       $4,650.00

TOTAL...................... **$5,500.00**

(d) (Transfers) Purchaser shall obtain exclusive possession of the Premises on the date of title transfer, subject to the performance by Purchaser of conditions and instructions to escrow and of the final execution of all terms of this Purchase Agreement, TITLE TRANSFER SHALL

*Exhibit B*

BE ON OR BEFORE **AUGUST 1, 2019, if practicable.**

(e) **(Utilities)** The Parties shall cause the final water, applicable gas sewer and electric utility meter readings to be made as of the date of delivery of possession of the Premises to Purchaser. Interruption in service shall be avoided if reasonably possible. **Seller shall pay all final bills directly,** and the Escrow Agent shall not have any responsibility for the proration of utility charges. The Escrow Agent may withhold customary water and sewer funds until proof of payment is tendered from any party, and Escrow Agent may utilize said fund to pay water and sewer directly, if presented for payment by any party.

**Note: If water and sewer are delinquent on the tax bill/duplicate, Purchaser shall assume and pay same, unless the total exceeds $3,200.00 as stated below.**

**CONTRACT CONTINGENCIES:**

(3) **(a) (Financing)** None.

**(b) (Inspections)** None. WAIVED.

(c) **($3,200.00 tax threshold)** If "taxes" exceed the $3,200.00 maximum, either the Parties shall re-negotiate the purchase price, or renegotiate the payoff of same. If no agreement is reached, this contract shall be null and void (and all Earnest Money returned.)

(d) **(Title Review and Fee Policy Contingency)** Within two (2) days of Seller's acceptance, Seller shall order title work pursuant to the terms of the TRANSMITTAL LETTER prepared by Seller's attorney. Within three (3) business days after Purchaser's receipt of the preliminary title commitment ("Schedules A & B"), Purchaser shall either reject the condition of title for good and demonstrable cause only, or this contingency shall be deemed waived. Re-phrased: This contract is contingent upon Purchaser's accepting conditions of record and the issuance of a routine Owner's Fee Policy of title insurance.

TITLE TRANSFER: (4) Seller shall convey marketable title to the Premises to the Purchaser by Quitclaim Deed. Seller shall have thirty (30) days to cure defect in title unless waived by Purchaser. If Seller is reasonably unable to deliver title to the Premises, Purchaser may either accept title in its present condition, or join with Seller in a rescission of this Agreement and receive all funds paid to date without further obligation of either party.

TAX PRORATION: (5) The Parties agree that taxes and assessments, both general and special, shall be prorated as of date of title transfer on the basis of latest available tax duplicate, or with the Escrow Agent's standard practices. All assessments, private or public, shall be paid for or assumed by Purchaser: NOT TO EXCEED $3,200.00.

ESCROW AGENT AND INSTRUCTIONS: (6) The "Escrow Agent", the escrow agent and title company is **Fairmount Title Agency, LLC. 12434 Cedar Rd. Ste. 11, Cleveland heights, 44118 440-364-2501.** This Agreement shall be used as escrow instructions and the Escrow Agent may attach its standard conditions of escrow hereto. In the event of an

2

inconsistency between said standard conditions and this Agreement, this Agreement shall control and supersede.

COMMITMENT TO TITLE INSURANCE: (7) Seller shall provide Purchaser with an owner's fee policy of title insurance through the title agency stated above, in the amount of the purchase price (or more at Purchaser's discretion), at the time of the filing of the deed for record. (Purchaser hereby requests an Owner's Fee Policy.)

QUITCLAIM DEED (8) Seller shall convey by quitclaim deed, subject to Purchaser's approval of title conditions and Fee Policy coverage as stated above.

"CLOSING" AND TITLE TRANSFER: (9) At Closing, the Escrow Agent shall examine the title to the property, and if it is in the position to and will issue its title insurance policy showing title to be in the condition described above, and has received all other documents and all other funds needed by it or the Escrow Agent to effect transfer, the title company or Escrow Agent shall file the deed for record and issue its title insurance.

RISK OF LOSS AND INSURANCE: (10) Risk of loss shall remain with Seller until title transfer. Seller shall have no duty to insure or repair in the event of any damage or destruction. (See below; Purchaser can void this Agreement if loss exceeds $1,000.)

REAL ESTATE BROKER: (11) Seller and Purchaser hereby state that there is not any procuring broker for this transaction which might be entitled to a real estate commission.

EXPENSES AND CLOSING COSTS: "Buyer pays all."

(12) Buyer shall pay the following "Closing Costs":

(a)    the fee for filing the deed for record;
(b)    the entire escrow fee;
(c)    any mortgage-related costs of Buyer's lender;
(d)    the entire cost of an Owner's Fee Policy of title insurance, and other routine costs normally charged to Buyers and sellers in this county.

Buyer shall also pay the following "Closing Costs":

(e)    the cost of the title exam
(f)    the conveyance fee and transfer tax on $5,500; and
(g)    and other routine Closing costs normally charged to sellers in this county.

(h)    Seller shall pay Seller's attorney fees from Seller's net proceeds of sale at Closing.

Summary: $5,000 net to Seller, less Seller's attorney fees. No prorations. Purchaser assumes all cots "subject to."

3

## "AS IS" CONDITION AND "INTEGRATION" CLAUSES:

(13) (a) The Premises shall be conveyed in "AS IS" physical condition. Seller does not make representations about physical conditions other than as specifically stated herein. Seller has NOT resided on the Premises: "Investment property."

(b) Purchaser and Seller acknowledge that there are no covenants, representations, warranties, agreements or conditions expressed or implied, collateral or otherwise forming part of, or in any way affecting or relating to this Agreement, except as expressly set forth herein and that this instrument constitutes the entire agreement between them. This Agreement may not be modified except by a subsequent agreement, in writing, executed by the Parties hereto.

(c) The Ohio and Federal Lead Disclosure Statement are waived. This shall be deemed "as is" as if Estate Property.

(d) All dimensions stated in Seller's advertising or information sheets (if any) are approximations. All descriptions are believed accurate but not "guaranteed." Seller is not responsible for any errors found in public records.

CASUALTY DAMAGE: (14) If due to fire or other casualty, the Premises itself shall suffer physical damage prior to title transfer in excess of $1,000.00. Purchaser may, within three (3) days after notification of same, rescind its acceptance of this Purchase Agreement in which case, all monies paid to Seller or escrow shall be returned to Purchaser. In the event of damage which shall not prohibit the consummation of this Agreement as aforesaid, Purchaser shall receive (or have applied) any proceeds of Seller's insurance (NONE) to the restoration of the Premises, in which event, all dates shall remain enforceable if Purchaser does not exercise its right to rescind and this provision specifically controls and supersedes any conflict with any term stated above.

MISCELLANEOUS; LIQUIDATED DAMAGES: (a) All understandings and agreements heretofore existing between the parties hereto are merged into this Agreement, which alone fully and completely expresses their understanding.

(b) Each Party covenants and agrees that upon the request of the other Party it shall execute and deliver any and all other documents and instruments reasonably required to effect the consummation of this transaction pursuant to the terms of this Agreement.

(c) **NOTE:** In the event of any admitted or adjudicated breach of this Agreement by Purchaser, **$850.00** shall be released to Seller forthwith as final, liquidated damages, and neither party shall have any further responsibility to one another. If Purchaser defaults, Seller may, as its sole and exclusive remedy, terminate this Agreement and receive $850.00 as final and liquidated damages and not as a penalty. The Parties expressly agree the stated liquidated damages are a reasonable amount, based on the circumstances in existence as of the execution date, to be designated liquidated damages for Purchaser's breach of this Agreement.

4

(d) This Agreement shall be deemed "interpretation neutral" and construed to neither party's advantage based upon its preparer in the event of any ambiguity or dispute over its language or interpretation.

Seller:   Date: July 2oth , 2019

_Vincent Woolfolk_
**VINCENT WOOLFOLK**
1302 CLEAR AVE.
CLEVELAND, OHIO 44110
216-703-4783

_Doris C. Woolfolk_
**DORIS ANN WOOLFOLK**
(DOWER RELEASE ONLY)

Purchaser:   Date: July 19th , 2019
**NUBIAN CONSTRUCTION MANAGEMENT, INC.**

_Sadie Pearl Sabir_
By: **Sadie Pearl Sabir**
931 Monroe Dr. NE Suite A-102-409
Atlanta, Georgia 30308

This agreement prepared for Seller by:
GERALD J. PATRONITE, ESQ.
2778 SOM Center Road, Suite 201
Willoughby Hills, Ohio 44094-9152
(440) 944-5570   Fax: (440) 306-2633
gerry@patronitelaw.com

5

Fairmount Title Agency LLC
12434 Cedar Road
Suite 11
Cleveland Heights, OH 44106
(216) 777-2095

| File #: | 19288 | Property | 6824 Edna Avenue | Settlement Date | 09/06/19 |
| Prepared: | 08/26/19 | | Cleveland, OH 44103 | Disbursement Date | 09/06/19 |
| Escrow Officer: | Christian E Carson | Buyer | Nubian Construction | | |
| | | | Management Inc. | | |
| | | Seller | Vincent Woolfolk | | |
| | | Lender | | | |

| Seller Debit | Seller Credit | | Buyer Debit | Buyer Credit |
|---|---|---|---|---|
| | | **Primary Charges & Credits** | | |
| | $5,500.00 | Sales Price of Property | $5,500.00 | |
| | | Deposit | | $850.00 |
| $120.00 | | Delinquent rental registration fees | | |
| $831.16 | | Pay CWD delinquency | | |
| $554.21 | | Pay NEORSD delinquency | | |
| | | | | |
| | | **Prorations/Adjustments** | | |
| $162.65 | | Delinquent taxes net of $3,200 assumption | | $162.65 |
| $160.62 | | Tax foreclosure court costs | | $160.62 |
| $475.00 | | Tax foreclosure title fees | | $475.00 |
| | | | | |
| | | **Government Recording and Transfer Charges** | | |
| | | Transfer taxes | $22.50 | |
| | | | | |
| | | **Title Charges** | | |
| | | Title services and lender's title insurance | $600.00 | |
| | | --Settlement or closing fee to Fairmount Title Agency LLC $600.00 | | |
| | | Title Exam Fee to Fairmount Title Agency LLC | $325.00 | |
| | | Title commitment to Fairmount Title Agency LLC | $100.00 | |
| | | Deed preparation to Carson Law Firm LLC | $99.00 | |
| | | Wire handling fee (x2) to Fairmount Title Agency LLC | $50.00 | |
| | | Shipping & handling (seller) to Fairmount Title Agency LLC | $30.00 | |
| | | | | |
| | | **Miscellaneous Charges** | | |
| | | Cleveland Certificate of Disclosure to Fairmount Title Agency LLC | $62.45 | |
| $1,150.00 | | Legal Fees to Patronite Law | | |

| Seller Debit | Seller Credit | | Buyer Debit | Buyer Credit |
|---|---|---|---|---|
| $3,453.64 | $5,500.00 | Subtotals | $6,788.95 | $1,648.27 |
| | | Due from Buyer | | $5,140.68 |
| $2,046.36 | | Due to Seller | | |
| $5,500.00 | $5,500.00 | Totals | $6,788.95 | $6,788.95 |

Exhibit C